**FILED**

JUL 0 8 2024

JUDGE VIRGINIA M. KENDALL
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 24 CR 137 |
| JORGE RAMIREZ-LOPEZ | Judge Virginia Kendall |
| also known as "Jorge Gonzalez" | |

## PLEA AGREEMENT

1.     This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant JORGE RAMIREZ-LOPEZ, and his attorney, DANIEL HESLER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.      The indictment in this case charges defendant with illegal reentry by a deported alien, in violation of Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4).

3.     Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crime with which he has been charged.

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment.

### Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about May 8, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, defendant JORGE RAMIREZ-LOPEZ, also known as "Jorge Gonzalez," an alien who previously had been deported and removed from the United States on or about August 6, 2017, September 12, 2013, May 24, 2010, December 9, 2005, April 28, 1999, and August 4, 1997, was present and found in the United States without previously having obtained the express consent of the United States Attorney General, and at any time after February 28, 2003, of the Secretary of the Department of Homeland Security for reapplication by defendant for admission into the United States; in violation of Title 8, United States Code, Sections 1326(a), and Title 6, United States Code, Section 202(4).

More specifically, defendant is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. Defendant was born in Mexico and originally entered the United States at or near Nogales Arizona, in or about May 1990 without inspection or admission by United States immigration authorities.

On or about August 4, 1997, defendant was deported from the United States to Mexico at or near Chicago, Illinois.

2

On or about December 28, 1998, defendant was convicted in the United States District Court for the Central District of Illinois of illegal reentry of a previously deported alien and sentenced to 10 months' imprisonment.

On or about April 28, 1999, defendant was deported from the United States to Mexico at or near El Paso, Texas.

On or about May 3, 2005, defendant was convicted in the United States District Court for the Northern District of Illinois of illegal reentry of a previously deported alien and sentenced to 15 months' imprisonment.

On or about December 9, 2005, defendant was deported from the United States to Mexico at or near El Paso, Texas.

On or about November 25, 2008, defendant was convicted in the United States District Court for the Northern District of Illinois of illegal reentry of a previously deported alien and sentenced to 28 months' imprisonment.

On or about May 24, 2010, defendant was deported from the United States to Mexico at or near Laredo, Texas.

On or about May 10, 2011, defendant was convicted in the United States District Court for the Northern District of Illinois of illegal reentry of a previously deported alien and sentenced to 35 months' imprisonment.

On or about September 12, 2013, defendant was deported from the United States to Mexico at or near Brownsville, Texas.

3

On or about May 27, 2014, defendant was convicted in the United States District Court for the District of Arizona of illegal reentry of a previously deported alien and sentenced to 41 months' imprisonment.

On or about August 6, 2017, defendant was deported from the United States to Mexico at Alexandria, Louisiana.

Sometime between defendant's removal on or about August 6, 2017, and on or about May 8, 2023, defendant entered the United States without inspection or admission by United States immigration authorities. At no point did defendant apply for or obtain the express consent of the United States Attorney General or the Secretary of the Department of Homeland Security to reenter the United States.

On or about May 8, 2023, defendant was present and found in the United States, specifically, in Chicago, Illinois.

### Maximum Statutory Penalties

7.    Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties: a maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years. In accord with Title 18, United States Code, Section 3013, defendant also will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

4

## Sentencing Guidelines Calculations

8.     Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the 2023 Guidelines Manual.

b.     **Offense Level Calculations.**

5

     i.     The base offense level is 8, pursuant to Guideline § 2L1.2(a).

     ii.     Pursuant to Guideline § 2L1.2(b)(1)(A), defendant's offense level is increased by 4 levels because defendant committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense.

     iii.     Pursuant to Guideline § 2L1.2(b)(3)(B), defendant's offense level is increased by 8 levels because after defendant was ordered deported or ordered removed from the United States for the first time, defendant engaged in criminal conduct that, at any time, resulted in a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more.

     iv.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

     v.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its

resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 12 and defendant's criminal history category is V:

i. On or about December 28, 1998, defendant was convicted of illegal reentry in the United States District Court Central District of Illinois and sentenced to 10 months' imprisonment. Pursuant to Guideline § 4A1.1(e), defendant receives zero criminal history points for this sentence.

ii. On or about May 3, 2005, defendant was convicted of illegal reentry in the United States District Court Northern District of Illinois and sentenced to 15 months' imprisonment. Pursuant to Guideline § 4A1.1(e), defendant receives zero criminal history points for this sentence.

iii. On or about June 27, 2007, defendant was convicted of possession of a weapon by a felon in the Circuit Court of Cook County, Illinois, and sentenced to 3 years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

7

iv.     On or about November 25, 2008, defendant was convicted of illegal reentry in the United States District Court Northern District of Illinois and sentenced to 28 months' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

v.     On or about May 10, 2011, defendant was convicted of illegal reentry in the United States District Court Northern District of Illinois and sentenced to 35 months' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

vi.     On or about May 27, 2014, defendant was convicted of illegal reentry in the United States District Court of Arizona and sentenced to 41 months' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

d.     **Anticipated Advisory Sentencing Guidelines Range.**

Therefore, based on the facts now known to the government, the anticipated offense level is 17, which, when combined with the anticipated criminal history category of V, results in an anticipated advisory Sentencing Guidelines range of 46-57 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e.     Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that

8

further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

   f. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

   10. Each party is free to recommend whatever sentence it deems appropriate.

11.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.    Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

13.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 24 CR 137.

14.    This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

a.      Defendant understands that by pleading guilty he surrenders certain rights, including the following:

b.      **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.      If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

11

iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

c.    **Appellate rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

12

d. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

15. Defendant understands that the United States Attorney's Office in its submission to the Probation Department as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

13

17.     Defendant understands that as a result of his guilty plea in this case, he will again be deported and removed from the United States. Defendant further understands that, in order to re-enter the United States lawfully, he must obtain the express consent of the Secretary of the Department of Homeland Security for reapplication for admission into the United States. Defendant understands that if he re-enters the United States without obtaining such express consent, he will be subject to another prosecution for a violation of Title 8, United States Code, Section 1326.

## Other Terms

18.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

19.     Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

20.     Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or

14

may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

21.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

22.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

23.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges

that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 7/8/2024

SARAH STREICKER
Digitally signed by SARAH STREICKER
Date: 2024.04.18 12:46:29 -05'00'

Signed by Sarah Streicker on behalf of
MORRIS PASQUAL
Acting United States Attorney

JORGE RAMIREZ-LOPEZ
Defendant

LEIGHANN THOMAS
Assistant U.S. Attorney

DANIEL HESLER
Attorney for Defendant

16